THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  Galen Alexander Hughes, | : | Chapter 13 |
| Debtor | : | Bankruptcy No.: 22-12059-pmm |

**ORDER**

      **AND NOW**, upon consideration of the Motion to Sell Real Property, and upon notice to all interested parties and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

      **ORDERED,** that debtor Galen Alexander Hughes is granted permission to sell real property known as 444 Beech Street, Pottstown, PA 19464 (the "Property") for the sale price of $120,000.00 to buyer KN Partners LLC or Corporate Assignee ("Buyer"), who has been represented to be purchasing the Property at arms-length.

      The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Estimated ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters      $      150.00

2. Lien paid at closing – Pennsylvania Housing Finance Agency*      $      56,930.52
   * the lien shall be paid in full and will vary accordingly based on actual settlement date.  Pennsylvania Housing Finance Agency shall retain its lien on the real property until the lien is paid in full.

3. Pennsylvania Real Estate Transfer Tax of 1.0%      $      1,200.00

4. Commission to Kelly Real Estate, Inc. (Agent of Seller)      $      3,600.00

5. Commission to Carr Real Estate (Agent of Buyer)      $      3,600.00

6. Exact Sum Paid to Chapter 13 Trustee Kenneth E. West      $      9,960.00

7. Attorney's Fees Paid to Ross, Quinn & Ploppert, P.C., Counsel      $      1,200.00

8. Estimated Proceeds Remaining for Seller Galen Hughes      $      <u>43,359.48</u>

                                          Total:      $      120,000.00

All liens upon the Property shall be paid in full and the payment amounts will vary according to the date of settlement of the sale transaction. All liens upon the Property shall be retained until payment of the liens in full.

This Order permitting sale of the real estate shall be effective and enforceable immediately upon entry and debtor Galen Alexander Hughes and Buyer are authorized to close the Sale immediately upon entry of this Sale Order. The stay required under Bankruptcy Rule 6004(h) is hereby waived.

Creditors, paid at settlement, shall either (1) file an amended proof of claim or (2) withdraw the proof of claim, upon receiving sale proceeds in satisfaction of their secured claims and interests.

The Standing Chapter 13 Trustee Kenneth West is authorized to adjust the percentage paid to unsecured creditors based on the funds received in accordance to 11 U.S.C. §1329.

The title clerk shall fax and email a completed HUD-1 or settlement sheet from the closing directly to settlementsheet@ph13trustee.com immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall email a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

The balance of sales proceeds after all the above distributions shall be paid to the Debtor(s) as sole owner(s) of the property.

In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing Chapter 13 trustee derived from the sale of the real estate shall be transferred to the appointed Chapter 7 trustee.

BY THE COURT:

_____
Patricia M. Mayer
U.S. Bankruptcy Judge